# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT EUGENE ALLEN<br>    LA. DOC # 197078 | CIVIL ACTION NO. 6:11-0183 |
| VS. | SECTION P |
| | JUDGE MELANCON |
| HAYWOOD INVESTIGATIONS, ET AL. | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff, Robert Eugene Allen, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on January 21, 2011.  Plaintiff is an inmate, currently incarcerated at the Christian County Jail in Ozark, Missouri. Plaintiff names, as parties defendant, Haywood Investigations, its co-owner, Ronald Rayon,  his wife Ziggy Rayon, his mother Rita B. Rayon, Richard Rayon, receptionist Rachel Laparousse, her husband, Chad Laparousse, and Vincent Conde.

In his Complaint and Amended Complaints, plaintiff complains that Rita Rayon rented a truck from Enterprise Rentals in Lafayette, Louisiana for plaintiff, which "the defendants" claim was not returned. Accordingly, plaintiff asserts that between March 1, 2010 and August 16, 2010, the day before plaintiff was arrested on unspecified charges, "the defendants" made verbal threats by telephone to him and his wife, and left threatening text messages on plaintiff's telephone, including threats that they would kill plaintiff if he returned to Louisiana.

Plaintiff further alleges that on February 25, 2011, Ronald Rayon sent plaintiff a letter in which he threatened to "blow the plaintiff's brains out."  Plaintiff prays for compensatory damages in the amount of $4.5 million and $7.5 million, that the "business license" of Haywood Investigations be  "discontinue[d]", that the defendants' concealed weapons permits be "take[n] away", that formal federal charges be instituted against each defendant and that the defendants be ordered to have no contact with plaintiff or any of his family members.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Law and Analysis

### Screening

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983,  the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint is subject to dismissal for failure to state a claim if the

2

allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff has set forth specific facts which he claims entitles him to relief and he has pleaded his best case.  The facts alleged by plaintiff have been accepted as true for the purposes of this Report.  Nevertheless, plaintiff's claims are subject to dismissal for the reasons that follow.

**Liability under § 1983**

To prevail on a civil rights claim under § 1983, a plaintiff must prove that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under the color of law. 42 U.S.C. § 1983; *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995) *citing Evans v. City of Marlin, Tex.*, 986 F.2d 104, 107 (5th Cir.1993); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995).  "Under the color of law" means that the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.  *United States v. Classic*,

3

313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

It is clear that the defendants, owners and employees of Haywood Investigations, a private investigations company, and their relatives are not state actors as required for liability under § 1983.  To the contrary, these persons are merely private citizens who were in no way clothed with the authority of state law.  Further, there is no factual basis to support any claim of a conspiracy between these private citizens and any alleged state actor to support a claim of state action.  *See  Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995);  *Mills v. Criminal District #3*, 837 F.2d 677 (5th Cir. 1988); *see also Babb v. Dorman,* 33 F.3d 472, 476 (5th Cir. 1994) *citing Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (finding that bald, conclusory allegations that a conspiracy exists are insufficient to state a conspiracy claim); *Young v. Biggers*, 938  F.2d 565, 569 (5th Cir. 1991); *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) *citing McAfee v. 5th Circuit Judges,* 884 F.2d 221 (5th Cir.1989).  Plaintiff's civil rights claims against the defendants should therefore be dismissed for failing to state claims upon which relief may be granted.

Moreover, even if any of the defendants could be deemed as having acted "under the color of law" for purposes of § 1983 liability, plaintiff's allegations do not state a Constitutional claim.  The Fifth Circuit has held that verbal threats, harassment and name-calling does not constitute a Constitutional violation.  *Robertson*, 70 F.3d at 24 *citing*

4

*McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("mere threatening language and gestures . . . , do not, even if true, amount to constitutional violations."), *Coyle v. Hughs*, 436 F. Supp. 591, 593 (W.D. Okla. 1977), *Johnson v. Glick*, 481 F.2d 1028, 1033 n. 7 (2nd Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973) (the use of words, no matter how violent, does not comprise a § 1983 violation), *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment consisting of sheriff's threat to "hang" prisoner does not state constitutional deprivation actionable under § 1983), *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989) (allegations that police officers harassed and intimidated plaintiff because of their unfounded belief that he was a drug dealer, eventually compelling him to leave town, including allegations that an officer approached plaintiff in a parking lot and stated, "I am going to get you", which allegedly caused plaintiff to fear for his life, did not constitute a violation of plaintiff's constitutional rights because these words were "not an actual infringement of a constitutional right, and thus, . . . not actionable under section 1983"), and *Hopson v. Fredericksen*, 961 F.2d 1374, 1378-1379 (8th Cir. 1992) (officers' threats to " 'knock [plainitff's] remaining teeth out of his mouth' if he remained silent", although not to be condoned, did not rise to the level of a Constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse . . . does not give rise to a cause of action under § 1983); *Bender v. Brumley*, 1 F.3d 271, 274 fn. 4 (5th Cir. 1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

Finally, plaintiff does not have a constitutional right to have the defendants criminally prosecuted.  *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990*); Busick v. Neal,* 380 Fed. Appx. 392, 399-400 (5th Cir. 2010); *Lewis v. Jindal,* 368 Fed. Appx. 613, 614 (5th Cir. 2010) *citing Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) and *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Benoit v. Cain,* 2010 WL 897247, *1 (W.D. La. 2010); *Williams v. Dyess*, 2011 WL 285093, *3 (W.D. La. 2011); *Stanley v. Unknown Prison Officials*, 2010 WL 678690, *3 (W.D. La. 2010); *Clark v. Rapides Parish Sheriff*, 2010 WL 537103, *2 (W.D. La. 2010); *Wilson v. Longino*, 2009 WL 1076684, *3 (W.D. La. 2009) ("a federal court may not assume the essentially executive function of deciding whether a particular alleged violator should be prosecuted").[1]  Nor does this Court have the power to order the criminal prosecution of the defendants. *See Id.; Jones v. Ruiz*, 2011 WL 197872, *7 (W.D. Tex. 2011); *Wilson*, 2009 WL 1076684 at *3 ("Nor may a court order prosecution of individuals at the instance of private persons.").

Accordingly;

**IT IS RECOMMENDED** that the instant civil rights action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff has failed to state a claim upon which relief may be granted.

---

[1]If plaintiff wishes to further pursue his call for criminal charges, he must take the issue up with the appropriate prosecuting agency. However, plaintiff should be mindful such agencies have broad discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek. *United States v. Lawrence*, 179 F.3d 343, 348-349 (5th Cir. 1999).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).***

In chambers, Lafayette, Louisiana, April 20, 2011

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE